United States Court of Appeals

Fifth Circuit

**F I L E D**

**February 12, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-10294

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN ODELL MINNITT, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(No. 5:05-CR-085-C)

Before DAVIS and STEWART, Circuit Judges, and CRONE, District Judge.[*]

PER CURIAM:[**]

Melvin Minnitt was convicted of being a felon in possession of a firearm in violation of 18

U.S.C. § 922(g)(1). At sentencing, the district court enhanced his sentence under U.S.S.G. §

2K2.1(b)(5). Minnitt appeals the application of this enhancement.

---

[*]District Judge for the Eastern District of Texas, sitting by designation.

[**]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 28, 2004, Minnitt, believing his wife was having an affair with their neighbor, Airickison Nelson, called Nelson and told him to come over so Minnitt could shoot him.[1] Before Minnitt made the call, he retrieved a rifle from his bedroom and fired it twice, once from his front porch and once from his back porch. Nelson and the police arrived at the Minnitt residence at approximately the same time. Minnitt exited his house unarmed, and Nelson began yelling at him. Minnitt went back into the house, with the officer following and ordering him to stop. The officer pointed his gun at Minnitt, who immediately placed his hands on his head. Nelson then entered the home and began yelling at Minnitt again. Minnitt was arrested at the scene without further incident and told the officer that he had a gun behind the headboard of his bed. At trial, Minnitt was sentenced to thirty-three months' imprisonment, including a sentencing enhancement of four levels under U.S.S.G. § 2K2.1(b)(5). Minnitt appeals the application of this sentencing enhancement.

## II. DISCUSSION[2]

The Sentencing Guideline at issue, § 2K2.1(b)(5), provides in relevant part: "If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels." A "felony

---

[1]Minnitt actually stated that he was going to "smoke his [Nelson's] ass." The district court inferred that Minnitt's statement was a threat to shoot Nelson, and Minnitt does not contest this finding on appeal.

[2]While the government objected to the application of the enhancement at the trial level, its defense of the enhancement on appeal is appropriate because of the differing standards applied on appeal and in the district court.

offense" is defined in the commentary to the Guideline as "any offense (federal, state, or local) punishable by imprisonment for a term exceeding a year, whether or not a criminal charge was brought, or conviction obtained." U.S.S.G. § 2K2.1 cmt. n.4 (2005).

Post-*Booker*, this court reviews the factual findings of the district court for clear error and its interpretation and application of the Guidelines de novo. *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). "A district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error so long as the enhancement is plausible in light of the record as a whole." *Id.* The district court's determination that there was a connection between Minnitt's possession of the firearm and the felonious behavior is a factual finding reviewed for clear error. *See United States v. Condren*, 18 F.3d 1190, 1200 (5th Cir. 1994).

Minnitt argues that the most he could be charged with under Texas law is assault under TEX. PENAL CODE ANN. § 22.01, a misdemeanor. However, the district court enhanced the sentence because it found that Minnitt intended that the gun would be used in connection with the aggravated assault of Nelson, a felony under TEX. PENAL CODE ANN. § 22.02. This use of § 2K2.1(b)(5) is proper under both the plain language of the statute and under this Circuit's case law on this issue, *Caldwell*, 448 F.3d at 292 ("The plain language of the guideline dictates that the government need not prove that the firearm was actually used in a specific other felony offense; it is enough that a defendant had reason to believe that it would be."). Because it is a factual finding, this court reviews for clear error the district court's determination that Minnitt intended to shoot Nelson. Based on Minnitt's call to Nelson, his entry into the house (where the gun was) after Nelson arrived, and his firing of the weapon before Nelson arrived, the district court's determination was not clearly erroneous.

3

Minnitt's use of the weapon also must be "in connection with" aggravated assault for the sentencing enhancement to have been correctly applied. This court looks to whether the firearm "may have facilitated or made more dangerous the other felony offense." *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005). Here, the presence of the weapon not only would have facilitated the aggravated assault but would have been the primary tool for committing the felonious behavior. The district court did not clearly err in finding that Minnitt possessed the weapon "in connection with" the possible aggravated assault.

## III. CONCLUSION

For the above reasons, we affirm the enhancement of Minnitt's sentence.